**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| ETOWAH ENVIRONMENTAL GROUP, LLC, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. |
| v. | : 2:10-CV-180-RWS |
| | : |
| MICHAEL WALSH, CHRISTOPHER BEALL, and STAR ATLANTIC WASTE HOLDINGS, L.P., as successor in interest by merger of ADSTAR WASTE HOLDINGS CORP., | : |
| | : |
| Defendants. | : |

**ORDER**

This case comes before the Court on Defendants Michael Walsh, Christopher Beall, and Star Atlantic Waste Holdings' ("Star Atlantic") Motion to Dismiss [8], Plaintiff Etowah Environmental Group's ("Etowah") Motion for Leave to Name Additional Parties [19], Motion to Remand to the State Court of Forsyth County [24], and Motion for Oral Argument [33]. After a review of the record, the court issues the following order.

**Background**

This case arises from the purchase of Federal Road, a limited liability company created to operate the Eagle Point Landfill in Forsyth County. (Complaint, Dkt. [1-1] at ¶ 18).  Plaintiff, Etowah Environmental Group, a Delaware corporation, was created by the Grogan family to invest in Federal Road and the Eagle Point Landfill. (Id.). Etowah was a 25% owner of Federal Road and Advanced Disposal Services, Inc. ("ADS") owned the remaining 75%. (Id.).

In 2006, ADS put itself on the market and began to solicit offers.  (Pl.'s Br., Dkt. [24-1] at p. 4).  Defendants Walsh and Beall, employees of ADStar Waste Holdings, Corp. ("ADStar"), began discussing the possible acquisition of ADS, which necessarily included Federal Road.  (Complaint, Dkt. [1-1] at  ¶ 10). ADS's Chief Financial Officer, Charlie Appleby, informed Walsh and Beall that Etowah had a minority interest in Federal Road. (Id. at ¶ 11). On May 5, 2006, Walsh wrote to ADS and offered to purchase its shares in Federal Road for $425 million. (Id. at ¶ 16). As part of that offer, Walsh presented an independent valuation of Federal Road between $62 and $65 million. (Id.). During this time,

Defendants failed to include Etowah in the negotiation of Federal Road's value. (Id. at ¶ 17).

On May 10, 2006, Defendants increased the offer for ADS by $25 million, to $450 million, and included in the offer a new independent valuation for Federal Road that actually decreased its value by nearly $20 million. (Id. at ¶ 18). This new offer apportioned nearly $20 million of Federal Road's previous value to ADS and reduced the value of Etowah's share of Federal Road by nearly $5 million. (Id.).

Defendants wanted to acquire a 100% ownership interest in Federal Road and ADS. (Id. at ¶ 25). In order to do so, they had to acquire Etowah's interest in Federal Road. (Id.). By the terms of Federal Road's Operating Agreement, Etowah had tag-along rights. (Id.). On June 13, 2006, Appleby, along with other ADS officers, met with the Grogans and informed them of the offer for Federal Road in the amount of $45.5 million. (Id. at ¶ 28). However, the Grogans were not told about the $65 million offer for Federal Road or any other details of the negotiations. (Id.). Etowah was given the choice either to tag along at their share of the $45.5 million offer or be cast into an appraisal process where its interest would be discounted. (Id. at ¶ 29). Because the tag-along value appeared to be so

3

low, Etowah decided not to exercise its tag-along rights. (Pl.'s Br., Dkt. [24-1] at p. 8).

On or about August 24, 2006, ADStar, acting through and at the direction of Walsh and Beall, acquired all of ADS's stock for $470 million. (Complaint, Dkt. [1-1] at ¶ 33). Subsequently, Federal Road was merged into ADS which triggered the valuation process. (Id.). As part of this process, Defendants, ADS, and Appleby provided only the May 19, 2006 offer of $45.5 million, and not the May 5, 2006 offer of $62-65 million to the appraiser selected to value Federal Road and ADS. (Id. at ¶ 35). Plaintiff now alleges that it was not paid the true value for its interest in Federal Road because of ADS's and Appleby's breaches of fiduciary duty and misrepresentations in connection with the valuation of Federal Road.

The Operating Agreement to which Etowah and ADS were parties required that any disputes be submitted to arbitration. (Pl.'s Br., Dkt. [24-1] at p. 7). Walsh, Beall and the Entity Defendants were not parties to the Operating Agreement and thus did not participate in the arbitration. (Id.). The arbitration hearing began on May 10, 2010 in Atlanta, Georgia and was completed on May

4

22, 2010. (Complaint, Dkt. [1-1] at ¶ 43). The arbitration panel issued an award in favor or Etowah and against ADS and Appleby. (Id.).

On August 24, 2006, prior to ADStar's merger into Star Atlantic, ADStar acquired a 100% ownership interest in ADS, resulting in complete identity between ADS, ADStar, and Star Atlantic.(Def.'s Br, Dkt. [31] at p. 7). Star Atlantic is therefore ADStar's successor in interest. (Id.). Plaintiff sued Star Atlantic alleging that Star Atlantic is now responsible for ADStar's actions occurring prior to Star Atlantic's creation. (Pl.'s Br., Dkt. [24-1] at p. 10). In its Complaint, Plaintiff asserted several substantive claims against ADStar, and thus Star Atlantic, including aiding and abetting breaches of fiduciary duties, aiding and abetting fraud, tortious interference with a business relationship, and fraud. (Id.). These claims arose from the fraudulent dealings surrounding the purchase of Federal Road. Moreover, Plaintiff asserted in Paragraph 39 of its Complaint that Star Atlantic perpetrated a separate fraud on the arbitration panel by failing to disclose valuation documents. (Complaint, Dkt. [1-1] at ¶ 39).

This matter was removed from the Superior Court of Forsyth County to this Court on the theory of fraudulent joinder. (Id. at p. 1). Defendants contend that Plaintiff has no claim against Star Atlantic and that Star Atlantic was added

5

as a party in an effort to destroy complete diversity. (Def.'s Br, Dkt. [31] at pp. 5-6). Plaintiff now moves to remand this matter to the State Court of Forsyth County on the ground that this Court lacks subject matter jurisdiction because Star Atlantic, as a Delaware corporation, is a non-diverse defendant. (Pl.'s Br., Dkt. [24-1] at p. 2).

## Discussion

**I.   Preliminary Matters**

Defendants have requested oral argument on Plaintiff's Motion for Leave to Name Additional Parties [19] and Motion to Remand to the State Court of Forsyth County [24] so that the issues raised in the parties' briefs can be explored in greater detail. Because the Court finds the briefing on these motions sufficient, the Motion for Oral Argument [33] is **DENIED**.

**II.    Fraudulent Joinder Standard**

Unless Congress explicitly provides otherwise, a defendant may remove to federal court a civil action brought in state court, provided that the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441 (a)-(b). The party seeking removal bears the burden of establishing federal jurisdiction. Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005).

Removal statutes should be construed narrowly with any doubt decided in favor of remand. Allen v. Christenberry, 327 F.3d 1290, 1293 (11th Cir. 2003); Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996).

Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). Joinder can be fraudulent in two situations: (1) when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant; and (2) when there is an outright fraud in the plaintiff's pleading of jurisdictional facts. Id. In this case, Defendants allege the former: there is no possibility that Plaintiff could prove a cause of action against Star Atlantic and therefore Star Atlantic was added to destroy complete diversity. (Def.'s Br., Dkt. [31] at pp. 5-17).

The removing party has the burden of proving fraudulent joinder and the burden is a "heavy one." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997). "To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." Id.

7

### III.     Plaintiff's Claims are Not Barred by *Res Judicata*

Defendant alleges that Plaintiff's claims against Star Atlantic have no possibility of succeeding because they are barred by the doctrine of *res judicata*. (Def.'s Br., Dkt. [31] at p. 5). When recovery from a defendant is precluded under state law by the doctrine of *res judicata* and there is no possibility that the plaintiff can prove a cause of action against the non-diverse defendant, the non-diverse defendant is fraudulently joined. Regency Savs. Bank v. Pacific Ins. Co. Ltd., 2006 WL 1663355, *2 (N.D. Ga. Jun. 14, 2006). Because this court concludes that *res judicata* does not bar Plaintiff's claims against Star Atlantic, Star Atlantic was not fraudulently joined.

The doctrine *res judicata* is codified in O.C.G.A § 9-12-40 which provides that "a judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." A plaintiff is therefore prohibited from "splitting up claims arising from the same transaction and prosecuting them piecemeal or presenting only a portion of the grounds on which relief is sought and leaving the rest for a second suit if the first

fails." Flagg Energy Dev. Corp. v. General Motors Corp., 235 Ga. App. 540, 542 (1998).

For a judgment in one action to bar subsequent actions, "the two actions must share certain characteristics. First, the parties to the two actions must be identical, and second, the subject matter of the actions must also be identical." Id. (quoting Lawson v. Watkins, 261 Ga. 147, 148 (1991)). Defendants assert that Plaintiff has no possibility of prevailing against Star Atlantic in this case because both elements of *res judicata* are satisfied. (Def.'s Br, Dkt. [31] at p. 7). They allege that the parties in this case are the same as the parties to the Arbitration and that the claims raised in this case are identical to those already adjudicated in the Arbitration. (Def.'s Br., Dkt. [31] at pp. 8-10).

Despite Defendants' contention, it is not clear that the claims adjudicated in the arbitration are identical to those plead in the Complaint.  Plaintiff alleged in the Complaint that Star Atlantic "facilitated [the] deception of the arbitration panel by refusing to produce any of the valuation documents" requested during the arbitration. (Complaint, Dkt. [1-1], at ¶ 39). This fraud in the arbitration is a separate and distinct issue from the breaches of fiduciary duty and fraud claims against ADStar and Appleby that were decided by the arbitration panel.

9

Although Star Atlantic is the successor in interest to ADStar, the decision of the arbitration panel rendered against ADStar does not bind Star Atlantic under these circumstances. "It has often been stated that a final judgment has the effect of res judicata between the parties and their successors in interest as to all matters which were put in issue or which, under the rules of law, could have been put in issue." Brookins v. Brookins, 257 Ga. 205, 207 (1987) (quoting Prince v. Prince, 147 Ga. App. 686, 689 (1978); Blanton v. Blanton, 217 Ga. 542, 544 (1962)). Although the issues are similar, the claims against these Defendants are based in part on their own acts and involve facts in addition to those necessary to show liability in the arbitration. The fraud on the arbitration panel was a separate fraud alleged *only* against Star Atlantic and was distinct from the fraud determination against ADStar, which applied to Star Atlantic as its privy, in the arbitration. Therefore, *res judicata* does not preclude the claim.

### III. Plaintiff's Claims are not Barred by O.C.G.A. § 9-2-4

Defendants also allege that Plaintiff cannot state a claim upon which relief can be granted against Star Atlantic because its claims are precluded by O.C.G.A. § 9-2-4. (Def.'s Br., Dkt. [31] at pp.14-17). O.C.G.A. § 9-2-4 states "a plaintiff may pursue any number of consistent or inconsistent remedies against

10

the same person or different persons until he shall obtain satisfaction from some of them." Although a plaintiff may bring multiple lawsuits against different parties to recover damages for a single injury, a plaintiff is precluded from pursuing a second claim against different parties once it has received satisfaction relating to the single injury. Green v. Thompson, 208 Ga. App. 609, 610 (1993).

Defendants claim that the damages awarded by the arbitration panel fully compensated Plaintiff for its alleged loss in connection with the merger of Federal Road into ADS. (Def.'s Br., Dkt. [31] at pp.16-17). Although the arbitration panel awarded Plaintiff damages for its fiduciary duty and fraud claims, it is alleged that Defendants did not produce certain documents during the arbitration. Therefore, this court cannot state as a matter of law that the Plaintiff was fully satisfied because the arbitration panel did not have all the relevant information when it rendered the award. Moreover, the fraud in failing to produce the documents is a separate fraud from the one alleged in the arbitration, and therefore any damages awarded to Plaintiff did not compensate for this separate fraud. As a result, O.C.G.A. § 9-2-4 does not preclude the claims against Star Atlantic.

11

### IV. Remaining Motions

Because this court does not have subject matter jurisdiction, Defendants' Motion to Dismiss [8] and Plaintiff's Motion for Leave to Name Additional Parties [19] are **MOOT**.

### Conclusion

Because this court cannot determine to a certainty that there is no possibility that a state court would find that Plaintiff could state a claim against Star Atlantic, adding Star Atlantic as a defendant did not amount to fraudulent joinder. As such, this court lacks subject matter over this dispute because the requirement of complete diversity is not satisfied. Therefore, Plaintiff's Motion to Remand this case to the State Court of Forsyth County [24] is **GRANTED**. As a result, Defendants' Motion to Dismiss [8] and Plaintiff's Motion for Leave to Name Additional Parties [19] are **MOOT**. Additionally, Defendants' Motion for Oral Argument [33] is **DENIED**. The Clerk shall **REMAND** the case to the State Court of Forsyth County.

**SO ORDERED** this  21st  day of March, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

12

AO 72A
(Rev.8/82)